# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|                        |   |                                  |
|------------------------|---|----------------------------------|
| CURTIS BLUNT,          | : |                                  |
|                        | : | Civil Action No. 18-13950 (BRM)  |
| Petitioner,            | : |                                  |
|                        | : |                                  |
| v.                     | : | **MEMORANDUM ORDER**             |
|                        | : |                                  |
| WILLIE BONDS, et.al.,  | : |                                  |
|                        | : |                                  |
| Respondent.            | : |                                  |

**THIS MATTER** is opened to the Court by *pro se* prisoner Curtis Blunt ("Petitioner"), upon the filing of a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (ECF No. 1), an Application to Proceed *In Forma Pauperis* (ECF No. 1-3), and a Motion to Appoint Pro Bono Counsel (ECF No. 2).

**IT APPEARING THAT:**

1. Petitioner submits that state proceedings in the New Jersey Superior Court Appellate Division are pending. (ECF No. 1 at 2).[1] Nonetheless, he asks this Court to grant relief for a purported illegal sentence. Notwithstanding, the variation in format, the substance of Petitioner's claims appears to be the same as those in his previously filed notice of removal that was denied by the Court. (*See* 18-5106, ECF No. 1). The instant petition appears to be entirely composed of unexhausted claims that are currently pending in state court. *See Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999) ("[Section] 2254

---

[1] Petitioner previously sought to have his New Jersey state criminal prosecution removed to this Court. That matter, 18-5106, was remanded to the Middlesex County Superior Court on May 1, 2018, on the grounds that Petitioner failed to demonstrate a valid basis for transfer or removal pursuant to 28 U.S.C. § 1443(1).

requires federal habeas petitioners to exhaust state remedies unless there is an absence of available corrective state process or state remedies are ineffective.")

2. Consequently, this Court will dismiss the petition without ordering Respondents to file an answer. *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, *1 (D.N.J. Mar. 9, 2017) ("[Habeas] Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." (internal quotations omitted).

3. Plaintiff filed a Motion to Appoint Pro Bono Counsel that is denied for the following reasons. (ECF No. 2). The threshold question when considering such a motion is whether "the plaintiff's claim [has] some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citation omitted). Petitioner has raised his indigency, his unfamiliarity with relevant legal principles and his medical ailments as factors supporting his motion. Nonetheless, the Court's dismissal of this case for the reasons already stated in this opinion, obviate the application of the well-established factors courts usually consider when deciding motions to appoint pro bono counsel. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). Therefore, Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 2), is denied.

4. Petitioner's application to *Proceed In Forma Pauperis* (ECF No. 1-3), is granted.

5. Finally, this Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certificate of appealability.

Accordingly, and for good cause appearing,

**IT IS** on this 1st day of February 2019;

**ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**; and it is further

**ORDERED** that Petitioner's Application for pro bono Counsel is **DENIED**; and it is further

**ORDERED** that Petitioner's Application to proceed *In Forma Pauperis* is **GRANTED**; and it is further

**ORDERED** that a certificate of appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**